IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MADELINE ESCARENO, et al., | § | |
| as parents and on behalf of their minor | § | |
| child, A.E., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:14-cv-257-B |
| | § | |
| LUNDBECK, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER REQUIRING
CONFERENCE AND JOINT STATUS REPORT**

Plaintiffs filed a Motion to Compel Defendants to Participate in Rule 26(f) Conference [Dkt. No. 18]. District Judge Jane J. Boyle has referred Plaintiffs' motion to the undersigned magistrate judge. *See* Dkt. No. 19. The motion is GRANTED.

**Background**

Plaintiffs filed their Complaint on January 22, 2014. *See* Dkt. No. 1. Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) on March 19, 2014. *See* Dkt. No. 12. Briefing on the Motion to Dismiss was complete on April 22, 2014. *See* Dkt. No. 17.

On April 24, 2014, Plaintiffs asked Defendants to identify a date during the following week for a Federal Rule of Civil Procedure 26(f) conference. *See* Dkt. No. 18 at 1. Defendants took the position – and continue to take the position – that they

-1-

should not be required to participate in a Rule 26 conference until after the Court's ruling on the Motion to Dismiss. *See id.* at 2; Dkt. No. 21.

Asserting that neither Rule 26 nor this Court's local rules allow a party to refuse to participate in a Rule 26(f) conference until after the Court rules on a motion to dismiss, Plaintiffs request an order compelling the parties to participate in the Rule 26(f) conference. *See* Dkt. No. 18 at 2. Defendants respond "by acknowledging the need for a Rule 26(f) conference" but "suggesting that holding the Rule 26(f) conference one week after the imminent ruling on the Motion to Dismiss would be a more efficient use of resources under the circumstances." Dkt. No. 21 at 2-3. Specifically, Defendants assert that "Plaintiffs' Motion to Compel should be denied because a ruling on the fully-briefed Motion to Dismiss is imminent, Defendants have agreed to hold the Rule 26(f) conference within one week of the Court's ruling on the pending Motion to Dismiss, and the Court's ruling will address threshold issues that will guide and streamline the parties' discovery plan, thus conserving the parties' resources and avoiding potentially needless discovery." *Id.* at 3.

**Legal Standards and Analysis**

Rule 26(f) provides: "Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." FED. R. CIV. P. 26(f)(1). "The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to

agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan." FED. R. CIV. P. 26(f)(2).

The Court does have discretion to stay discovery "for good cause shown." FED. R. CIV. P. 26(c)(1); *accord Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990). Defendants essentially ask the Court to stay discovery – even if they never expressly say so, *see* Dkt. No. 21, and, in fact, expressly "reserve their right to seek a Motion to Stay Discovery as the case progresses," *id.* at 3 n.2.

The Court appreciates any party's concern for conserving resources and efficiently litigating a case. But, here, Defendants have not shown good cause for a stay by, for example, establishing that they would suffer "annoyance, embarrassment, oppression, or undue burden or expense" absent a stay. FED. R. CIV. P. 26(c)(1).

Instead, Defendants argue that their pending Motion to Dismiss tests whether Plaintiffs have sufficiently established at the pleadings stage an exception that rebuts Defendants' [Texas Civil Practices and Remedies Code § 82.007(a)] presumption of nonliability and tests the sufficiency of Plaintiffs' statement of a claim showing that Plaintiffs are entitled to relief, without forcing Defendants to be subjected to discovery. *See* Dkt. No. 21 at 3. According to Defendants, "Plaintiffs' recent proposal to hold a Rule 26(f) conference followed by immediate service of written discovery requests on Defendants would defeat both purposes of Defendants' Motion to Dismiss right before the Court rules on it," and, "[i]f Plaintiffs are allowed to proceed with discovery on claims that are subject to the fully-briefed Motion to Dismiss, the practical effects would be to deem Plaintiffs' claims viable enough to be the subject of discovery and to

constructively rebut the Defendants' statutory presumption of nonliability before the Court has a chance to make its determination on that very issue." *Id.* at 4.

Defendants' position might have more force if Texas Civil Practices and Remedies Code § 82.007 provided for a stay of discovery. But it does not. Even if it did, such a state statutory provision might not apply here in federal court if the stay requirement were a procedural, rather than substantive, provision.

And no federal rule, statute, or binding case law applies here to automatically stay discovery pending a ruling on Defendants' Motion to Dismiss. Filing a Rule 12(b)(6) motion to dismiss does not automatically stay discovery or require postponing a Rule 26(f) conference until the motion is resolved. *See Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, No. 3:08-cv-774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008). As Plaintiffs argue in reply, *see* Dkt. No. 22, by pointing to the purposes of Rule 12(b)(6) motions, Defendants are seeking to invoke a rule that a pending motion to dismiss stays discovery – but no such rule applies in these circumstances. "In fact, such a stay is the exception rather than the rule." *Id.* "[H]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Id.* (internal quotation marks omitted).

Of course, consistent with Rule 26(f), the parties can agree through their conference to a discovery plan that stages discovery in a manner that allows for the possibility that the Court's ruling on the Motion to Dismiss "could impact the relevant claims and defenses and scope of discovery in this matter, whether by dismissing the

Complaint entirely, dismissing some claims, or requiring certain claims or allegations to be re-pleaded." Dkt. No. 21 at 4.

But, in the face of Plaintiffs' request for the conference for which Rule 26(f) provides, Defendants have not shown a need to stall the Rule 26(f) process and any and all discovery at this stage of the case. *Compare U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 767-68 (W.D. Tex. 2008). In any event, as Plaintiffs note, no discovery responses will actually be due from Defendants for at least 6 weeks from the date of this order, given the requirements that the parties hold the Rule 26(f) conference and submit the required report to the Court before any discovery requests can even be served.

Finally, Defendants' argument that nothing requires a Rule 26(f) conference before the Court issues a scheduling order or requires a scheduling conference under Federal Rule of Civil Procedure 16(b) misconstrues Rule 26(f)(1)'s requirements. Rule 26(f)(1) provides that "the parties must confer as soon as practicable" but no later than – that is, "in any event at least" – "21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." FED. R. CIV. P. 26(f)(1).

At the same time, the Court does not believe that the need for a Rule 26(f) conference is so urgent in this case that a conference must be held within 5 days of entry of this order, as Plaintiffs request.

**Conclusion and Order Requiring Conference and Joint Status Report**

Plaintiffs' Motion to Compel Defendants to Participate in Rule 26(f) Conference [Dkt. No. 18] is GRANTED. Lead counsel for each party (or a designee attorney with

appropriate authority) must meet face-to-face at a mutually agreeable location and hold a Rule 26(f) conference by **May 29, 2014**. It is unacceptable to submit a proposal in which counsel recite that they were unable to meet in the required manner. Advance approval from Judge Boyle must be obtained to eliminate the requirement that counsel meet face-to-face.

In the interest of efficiency and conservation of resources and in accordance with Federal Rules of Civil Procedure 16(b) and 26(f) and the Civil Justice Expense and Delay Reduction Plan for the Northern District of Texas, at the conference, counsel must confer regarding the matters specified in Rule 26(f) and the following matters and then shall file a joint status report by **June 12, 2014** that addresses in separate paragraphs each of the following matters:

1. A brief statement of the nature of the case, including the contentions of the parties;
2. Any challenge to jurisdiction or venue, including any procedural defects in the removal, if this case was removed;
3. Any pending motions;
4. Any matters which require a conference with the court;
5. Likelihood that other parties will be joined or the pleadings amended;
6. (a) An estimate of the time needed for discovery, with reasons, (b) a specification of the subjects on which discovery may be needed, and (c) whether discovery should be conducted in phases or be limited to or focused upon particular issues;

7. Any issues related to disclosure or discovery of electronically stored information, including the form or forms (i.e., TIF, PDF, or native; with or without metadata; searchable or not) in which it should be produced;

8. Any issues relating to claims of privilege or of protection as trial-preparation material, including – if the parties agree on a procedure to assert such claims after production – whether they will be asking the Court to include their agreement in an order;

9. What changes, if any, should be made in the limitations on discovery imposed under the Federal Rules or by local rule, and what other limitations should be imposed;

10. Any other orders that should be entered by the Court under Rule 26(c) or Rule 16(b) and (c);

11. Proposed deadlines with specific dates that limit the time to (a) join other parties and to amend the pleadings; (b) file motions, including summary judgment and other dispositive motions; (c) complete discovery; and (d) designate expert witnesses and make the expert disclosures required by Rule 26(a)(2);

12. Requested trial date, estimated length of trial, and whether jury has been demanded;

13. Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge per 28 U.S.C. § 636(c);[1]

14. Progress made toward settlement, and the present status of settlement negotiations;[2]

15. What form of alternative dispute resolution (*e.g.*, mediation, arbitration, summary jury trial, court-supervised settlement conference, or early neutral evaluation) would be most appropriate for resolving this case and *when* it would be most effective; and

16. Any other matters relevant to the status and disposition of this case.

Any differences between counsel as to the status of any of the above matters must be set forth in the report. Failure to timely submit the status report may result in the imposition of sanctions, including dismissal without further notice. *See* FED. R. CIV. P. 16(f); FED. R. CIV. P. 37(f).

Pursuant to Rule 26(f), the attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging and being present or

---

[1] Consent to the magistrate judge's authority is voluntary. Any party is free to withhold consent without adverse substantive consequences. However, a magistrate judge may often be in the best position to provide a speedy, just, and inexpensive adjudication of a civil case while still preserving the right of direct appeal to the Court of Appeals. If all parties consent to the authority of the magistrate judge, the case will be reassigned to the magistrate judge to conduct all further proceedings, including entry of a final judgment, with any appeal directly to the United States Court of Appeals for the Fifth Circuit. If one or more of the parties does not consent, the parties should communicate this fact in the joint status report only by stating that "the parties could not agree to refer this case to the magistrate judge pursuant to 28 U.S.C. § 636(c)."

[2] This must be a detailed report. Do not submit a generic recitation that settlement was discussed but was unsuccessful.

represented at the meeting, for attempting in good faith to agree on the scheduling proposal, and for submitting the proposal to the Court no later than the due date set forth above.

Further, the disclosures required by Federal Rule of Civil Procedure 26(a)(1) must be made by **June 15, 2014**. *See* FED. R. CIV. P. 26(a)(1). The parties may not, absent Court permission, agree or stipulate to opt out of the initial disclosure requirement. *See* FED. R. CIV. P. 26(a)(1); advisory committee's note, 2000 amendments.

All questions regarding any scheduling matters should be directed to Judge Boyle's Court Administrator at (214) 753-2740.

SO ORDERED.

DATED: May 15, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE